# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 91 CR 1010-10 | **DATE** | April 5, 2004 |
| **CASE TITLE** | United States v. Buitrago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Buitrago's motion for a reduction of her term of imprisonment [ ] is denied. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | APR 0 6 2004 | |
| | Notified counsel by telephone. | | date docketed | 714 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy Court of Appeals | | | |
| kam | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

91-1010.041-TCM                                          April 5, 2004

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 91 CR 1010 |
| ) | |
| THELMA ZULIMA BUITRAGO, ) | |
| ) | |
| Defendant. ) | |

**DOCKETED**

**MEMORANDUM OPINION**            APR 0 6 2004

Before the court is defendant's motion to reduce her term of imprisonment. For the following reasons, the motion is denied.

**DISCUSSION**

Buitrago was convicted in 1992 of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, on March 26, 1993, the court found that she was responsible for 350 kilograms of cocaine. The drug quantity table in the version of U.S.S.G. § 2D1.1(c) then in effect set a base offense level of 38 for that amount of cocaine. See U.S.S.G. § 2D1.1(c), U.S.S.G. App. C, Amend. 505 (1994) (base offense level for 150 to 499 kilograms of cocaine is 38). After finding that Buitrago's trial testimony constituted perjury, the court enhanced her offense level by the prescribed two points for obstruction of justice. See U.S.S.G. § 3C1.1. With an adjusted offense level of 40, then, we imposed a term of imprisonment at the

714

lowest end of the Guideline range, 292 months.

Buitrago now moves the court to reduce the term of her imprisonment, arguing that Amendment 505 to U.S.S.G. § 2D1.1(c) should be applied retroactively to reduce her sentence. Amendment 505, effective November 1, 1994 and retroactive pursuant to U.S.S.G. § 1B1.10, set the upper limit of the base offense levels listed in § 2D1.1(c)'s drug quantity table at a 38. See U.S.S.G. App. C, Amend. 505 (1994). Prior to the amendment, if a defendant was responsible for between 150 and 499 kilograms of cocaine, he would have had a base offense level of 38; for 500 to 1499 kilograms, he would have had a base offense level of 40; and for 1500 kilograms or more, the base offense level would have been 42. See id. The amendment did away with levels 40 and 42 and set the ceiling at level 38 for any defendant responsible for 150 kilograms or more of cocaine. The amendment did not alter the drug quantities and corresponding base offense levels below 38.

The amendment does not apply to Buitrago's sentence. The pre-amendment drug quantity table gave an individual responsible for 350 kilograms of cocaine, such as Buitrago, a base offense level of 38. The post-amendment table does nothing to change this – the base offense level for that quantity of cocaine is *still* 38. The amendment only changed the base offense level for defendants responsible for 500 kilograms or more of cocaine, by reducing their base offense levels, from a 40 or 42, to a 38 as well.

Buitrago argues, however, that her offense level was a 40, and therefore the amendment does apply to her sentence. Her offense level indeed was a 40, but that was her *adjusted* offense level after the obstruction enhancement. And Amendment 505 does not address adjusted offense levels. It only changed certain *base* offense levels set out in the drug quantity table at § 2D1.1(c)(see United States v. Garcia, 1997 WL 548562, at *2 (N.D. Ill. 1997) ("Amendment 505 addresses base offense levels, not adjusted offense levels."); United States v. Hasan, 245 F.3d 682, 687 (8th Cir. 2001) ("Amendment 505 . . . only affected *base offense levels* greater than 38."), and, as explained above, those changes do not affect Buitrago's sentence.

Accordingly, Buitrago's motion for a reduction of her term of imprisonment is denied.

DATE:   April 5, 2004

ENTER:  _____

John F. Grady, United States District Judge